United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41511
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS GIRON-DELGADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-472-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Carlos Giron-Delgado (Giron) pleaded guilty to illegal reentry after deportation following a conviction for an aggravated felony and was sentenced to 46 months of imprisonment, three years of supervised release, and a $100 special assessment that was ordered remitted on motion of the Government.

For the first time on appeal, Geron argues that under United States v. Booker, 125 S. Ct. 738 (2005), he was sentenced pursuant to an unconstitutional mandatory guideline system. He contends

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this argument is not precluded by his appeal waiver. In his plea agreement, Geron agreed to waive his right to appeal his sentence except in the case of "(a) a sentence imposed above the statutory maximum; or (b) an 'upward departure' from the Sentencing Guidelines." However, at rearraignment the magistrate judge described the applicable portion of Giron's appeal waiver as follows: "[Y]ou give up the right to appeal your case to a higher court, except you could appeal from an illegal sentence." In light of the magistrate judge's statement and the fact that the magistrate judge did not ask Giron whether he had read the plea agreement, reviewed it with his attorney, understood it, or entered it voluntarily, it cannot be said that Giron knowingly waived the right to raise the Booker issue, and, therefore, his appeal waiver does not bar the instant appeal. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

Giron correctly acknowledges that his failure to raise the Booker issue in the district court results in review for plain error only. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). The district court's application of the Sentencing Guidelines in their mandatory form constituted error that was plain. See id. at 733. However, Giron has not established that the error affected his substantial rights because he has not demonstrated that the record shows that the district judge would have imposed a different or lesser sentence under a Booker advisory regime. See id. Giron contends that the district

court's error in sentencing him pursuant to a mandatory Sentencing Guidelines regime is of a type that should be presumed to affect his substantial rights. However, this argument is foreclosed. See United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362, at *1 n.9 (5th Cir. Apr. 11, 2005). Accordingly, Giron has not met the requirements to show plain error.

Giron also argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional on their face and as applied in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Giron acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. As Giron concedes, this issue is foreclosed. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.